**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 26 2003**

**PATRICK FISHER**
**Clerk**

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

RALPH T. LEONARD; RUSSELL K.
MYERS; PAUL E. ENZMAN; JOHN R.
KLAAS; MICHAEL E. HOGAN; IVAN
ROTH; JOHN R. TOWNER; RONALD
COFFIN; ALVIN G. LARCH; PAUL R.
BISHOP; ERVIN RHOADES; HENRY
ALLEN PRICHARD; RALPH NELSON;
DARRELL O. PORTER; LARRY
JACKS; LEANN SANDOVAL;
JENNIFER CLAIR; MERLE W.
KIESEL; RYAN TARONE; CYNTHIA
GARCIA; YVONNE CARSTEN; RENE
EASTER; DARLENE NICHOLAS;
LARRY L. WEICKUM; ANTHONY A.
SANCHEZ; TODD STROH; WILLIAM
J. CRACKEL; GENE DUTTON; GUY
COOK; RICK LONG; TOM GARDNER;
DENNIS CRAIG; CLIFFORD ELROD;
VIRGIL EGGLESTON; JAMES
GOERIG; DOUG HANEVIK; DONALD
KNEEBONE; GREG COLE; TONY
KMOCH; FRANK HILL; MICHAEL
LUXNER; CREED HUFF; TERRY
HARVEY; ROBERT WAGENKNECHT;
STEVEN G. LARGHE; RICHARD
ECHTENKAMP; MELVIN G. TETER;
TYLER U. IUNGERICH; RONALD F.
COOLEY; DAVID CAPSHAW;
CHARLES BLEAKLEY; LARRY
JONES; TED SCHWARTZ; and EVAN
HOWARD,

        Plaintiffs - Appellees,

No. 00-1324

v.

JERRY D. McMORRIS; HAROLD R. ROTH; GEORGE R. ROBERGE; JAMES R. FEEHAN; MIKE HAMPTON; LESTER SMITH; NEAL BARKLEY; ROBERT CLINE; CAL WOLFE, and TERRY JENSEN,

     Defendants - Appellants,

_____

COLORADO ASSOCIATION OF COMMERCE AND INDUSTRY; INTERNATIONAL BROTHERHOOD OF TEAMSTERS,

     Amici Curiae.

**APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO**
**(D.C. No. 99-N-1306)**

James E. Scarboro (Timothy R. Macdonald with him on the briefs), Arnold & Porter, Denver, Colorado, for the Defendants-Appellants.

Evan S. Lipstein, Law Offices of Evan S. Lipstein PC, Lakewood, Colorado (Michael B. Levy, Law Offices of Evan S. Lipstein PC, Lakewood, Colorado; Kip B. Shuman and Jeffrey A. Berens, Dyer & Shuman, LLP, Denver, Colorado, with him on the brief), for the Plaintiffs-Appellees.

John R. Webb, Holme Roberts & Owen LLP, Denver, Colorado, for the Colorado Association of Commerce and Industry, Amicus Curiae; Frederick Perillo and Jill M. Hartley, Previant, Goldberg, Uelmen, Gratz, Miller & Brueggeman S.C., Milwaukee, Wisconsin, for the International Brotherhood of Teamsters, Amicus Curiae.

Before **TACHA**, Chief Judge, **GARTH**\* and **BRISCOE**, Circuit Judges.

**BRISCOE**, Circuit Judge.

Plaintiffs, former employees of a now bankrupt corporation, brought this action against the officers of the corporation to recover wages and benefits not received as a result of the Chapter 11 filing. Plaintiffs assert their claims under the Colorado Wage Claim Act, Colo. Rev. Stat. § 8-4-101 *et seq*. (1999). Defendants filed this interlocutory appeal from the district court's grant of plaintiffs' motion for summary judgment on the issue of liability.

The facts of this case are not in dispute and are set out in Leonard v. McMorris, 106 F. Supp. 2d 1098, 1104-05 (D. Colo. 2000):

> Defendants Jerry D. McMorris, Harold R. Roth, George R. Roberge, James R. Feehan, Neal Barkley, Robert Cline, Cal Wolfe, and Terry Jensen are corporate officers of NationsWay Transport Service, Inc. ("NationsWay"). NationsWay was one of the largest privately held trucking companies in the United States.
> As of May 1999, NationsWay had more than 3200 employees in forty-three different States. Of these employees, more than 2000 were members of eighty-nine different local unions that have 144 different collective bargaining agreements (hereinafter, "CBA" or "CBAs") with NationsWay. The eighty-nine local unions are affiliated with the International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America ("Teamsters"), which has its own nationwide CBA with NationsWay entitled the National Master Freight Agreement ("National

---

\* Honorable Leonard I. Garth, United States Circuit Judge, United States Court of Appeals for the Third Circuit, sitting by designation.

Master CBA"). In addition, each of the eighty-nine local unions has entered one or more supplemental agreements with NationsWay modifying the National Master CBA. . . .

On February 11, 1999, the NationsWay board of directors executed a resolution authorizing Roth and William Ward, a NationsWay senior vice president, to execute a petition under Chapter 11 of the United States Bankruptcy Code. On May 20, 1999, NationsWay filed a petition for bankruptcy protection pursuant to Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Arizona. Later that day, NationsWay terminated the employment of most of its employees, including the plaintiffs herein.

On June 7, 1999, plaintiffs filed their complaint in Denver County District Court. On July 9, 1999, defendants removed the action to this court. On August 11, 1999, plaintiffs filed an amended complaint. In the amended complaint, plaintiffs allege that defendants were liable for those wages which plaintiffs had earned at the time that their employment terminated but were unpaid, pursuant to the Wage Act. On October 12, 1999, defendants filed their motion for summary judgment. Defendants claim that they are entitled to summary judgment because the Wage Act does not impose personal liability on individual corporate officers and, even if it does, there can be no personal liability if the corporation is not subject to liability by operation of the Bankruptcy Code. Defendants further argue that, even if the Wage Act imposes liability upon them individually, the Wage Act is preempted (1) by the Bankruptcy Code, and (2) by the Labor Management Relations Act, 29 U.S.C. § 185(a) [hereinafter "LMRA"], for those of the plaintiffs who are subject to NationsWay's collective bargaining agreements with the Teamsters. On January 13, 2000, plaintiffs filed a cross-motion for partial summary judgment as to defendants' liability only. Plaintiffs contend that they are entitled to summary judgment as to defendants' liability under the Wage Act because: (1) the Wage Act imposes personal liability for earned but unpaid wages upon corporate officers; (2) plaintiffs' claims are not preempted by the Bankruptcy Code; (3) the LMRA does not preempt the Wage Act claims of those plaintiffs who are subject to a collective bargaining agreement; and (4) none of the other miscellaneous affirmative defenses which defendants assert bar plaintiffs' first claim.

(Internal record citations and footnotes omitted.) The district court granted plaintiffs'

motion for partial judgment with respect to defendants McMorris, Roth, Roberge, Feehan,

Barkley, Cline, Wolfe, and Jensen as to liability under the Colorado Wage Act. The court

certified its order for interlocutory appeal, finding there was "substantial ground" for

difference of opinion on each of the controlling legal issues involved. App. II at 846.

While this appeal was pending, the NationsWay bankruptcy proceeded as a

Chapter 11 liquidation. On October 13, 2000, the bankruptcy court confirmed the

company's Chapter 11 plan. Pursuant to the plan, the former employees are to receive

approximately $3.0 million in unpaid wages. However, plaintiffs seek additional amounts

covering accrued vacation pay, sick leave pay, holiday pay, and other non-wage

compensation, as well as a 50 percent penalty and attorney fees.

After finding a lack of precedent from the Colorado Supreme Court construing

individual officer liability under the Wage Claim Act, we certified the following

determinative questions under 10th Cir. R. 27.1:

> 1. Are officers of a now-bankrupt corporation individually liable for the
> wages of the corporation's former employees under the Colorado Wage
> Claim Act, Colo. Rev. Stat. § 8-4-101 *et seq.* (1999)?
>
> 2. If so, are all officers individually liable due to mere status as officers or
> must the officers have been high ranking or active decision-makers?

See Leonard v. McMorris, 272 F.3d 1295, 1295-96 (10th Cir. 2001). Upon acceptance of

the certified questions, the Colorado Supreme Court reframed the questions as follows:

> 1. Whether officers of a corporation are individually liable for the wages of
> the corporation's former employees under the Colorado Wage Claim Act,
> Colo. Rev. Stat. § 8-4-101 et seq. (2001);
>
> 2. If so, whether all of the corporation's officers are individually liable or

only the officers who have been high ranking or active decision-makers;

3.  If so, whether the Colorado Wage Claim Act imposes personal liability on officers when the corporation declares bankruptcy; and,

4.  If so, whether the Colorado Wage Claim Act's "good faith legal justification" clause is a defense to the officer's personal liability to former employees under the Act when the corporation files for bankruptcy.

See Leonard v. McMorris, 2003 WL 231233 *1 (Colo. 2003) (en banc).  The Colorado Supreme Court then answered the first reframed question, holding "under Colorado's Wage Claim Act, the officers and agents of a corporation are *not* jointly and severally liable for payment of employee wages and other compensation the corporation owes to its employees under the employment contract and the Colorado Wage Claim Act."  Id. (emphasis added).  This response clearly answers the first question certified by this court and moots our second question.

We REVERSE the district court's summary judgment order and REMAND for further proceedings consistent with the opinion of the Colorado Supreme Court.